IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUGH G. CROWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1393-D |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff has timely objected to the Report. Thus, the Court must make a de novo determination of the portions of the report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, an inmate appearing *pro se*, brings this action under 42 U.S.C. § 1983 seeking damages for alleged constitutional violations arising from a 1999 misconduct conviction for possession of contraband (heroin) and his discovery in 2007 that the institution's "field file" regarding the incident contains no documentation of any drug testing that was done. Judge Purcell recommends upon initial screening of the Complaint, as required by 28 U.S.C. § 1915A, that the action be dismissed with prejudice as barred by the doctrine of res judicata (or claim preclusion) because court records show Plaintiff previously brought a civil rights action challenging the 1999 misconduct conviction, which action was dismissed with prejudice. *See Crowley v. Oklahoma Dep't of Corr.*, Case No. CIV-01-758-L, Judgment (W.D. Okla. Jan. 23, 2002). Judge Purcell alternatively recommends that the action be dismissed without prejudice for failure to state a claim for relief

because Plaintiff cannot assert a cognizable claim regarding a disciplinary matter under *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff objects to both recommendations. He argues in opposition to a dismissal without prejudice for failure to state a claim that he should first receive an opportunity to amend his pleading to correct any defect. He argues in opposition to a dismissal with prejudice based on claim preclusion that he does not recognize as accurate certain facts stated by Judge Purcell regarding the 2001 case and that he disputes the validity of some documents bearing his name and signature. Plaintiff states he is attempting to obtain copies of papers filed in the 2001 case to review them and determine their authenticity.

Upon de novo review of the record in this case and Plaintiff's 2001 case,[1] the Court finds Judge Purcell's recommendation of dismissal with prejudice based on claim preclusion is correct. A comparison of the two case records – which contain factual allegations involving the same names, dates, and circumstances – makes clear that the 2001 case and this case challenge the same disciplinary conviction and involve the same parties. The court record in the 2001 case further shows a judgment of dismissal with prejudice, from which no appeal was taken and no relief has been granted. Therefore, regardless whether any document filed in that case was forged, as Plaintiff may now allege, the prior judgment stands as bar to this case. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) (claim of fraud on the court may provide grounds for relief from a judgment but does not permit collateral attack on the judgment). To the extent Plaintiff's § 1983 claim in this case is based on any current deficiency in his institutional file concerning the 1999

---

[1] Judge Purcell properly took judicial notice of the court record in the prior case when screening the Complaint in this case. *See Davis v. Bacon*, 235 F. App'x 872, 873-74 (10th Cir. 2007) (unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A)); *see also St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979) ("a court may, [s]ua sponte, take judicial notice of its own records").

misconduct conviction, the Court is aware of no federal constitutional right that would be violated by any record keeping error that has occurred. Any claim possibly based on such an error would, therefore, fail to state a cognizable claim.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. 5] is adopted with respect to Judge Purcell's findings regarding claim preclusion and the recommendation of dismissal with prejudice of this action pursuant to 28 U.S.C. § 1915A(b). Judgment will be entered accordingly.

IT IS SO ORDERED this 24th day of January, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE