IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HUGH G. CROWLEY,            )
                            )
            Plaintiff,      )
                            )
v.                          )      Case No. CIV-07-1393-D
                            )
JUSTIN JONES, Director,     )
                            )
            Defendant.      )

**O R D E R**

Plaintiff, appearing *pro se*, has filed after the entry of judgment in this case the following documents:

(a)   "Writ of Mandamus," filed February 13, 2008 [Doc. 11], which seeks an order directing the Oklahoma State Bureau of Investigation (OSBI) to release certain documents;

(b)   "Based Upon Newly Discovered Evidence," filed February 15, 2008 [Doc. 12], which is construed as a motion for relief under Fed. R. Civ. P. 60(b); and

(c)   "Motion for Discovery," filed March 11, 2008 [Doc. 13], which invokes federal discovery rules to obtain the same OSBI documents sought by (a).

Absent an order granting Plaintiff relief from the Judgment, which dismissed this § 1983 action based on claim preclusion, there is no live case or controversy with which to proceed. For reasons that follow, the Court finds insufficient grounds for relief under Rule 60(b).

Plaintiff asserts that copies of court records from his prior case, which he recently obtained from the court clerk, should be considered; it is unclear what impact he believes these documents have on the Court's finding of claim preclusion. The documents concern service of process on the defendants in the earlier case, and Plaintiff seems to question the authenticity of these documents based on an assertion that he did not pay for issuance or service of any summonses. The Court's

finding of claim preclusion, however, depended on the facts that the earlier case involved the same claim and parties and there exists a final judgment of dismissal in that case, from which no appeal was taken and no relief has been sought.

Moreover, Plaintiff's newly obtained documents do not draw into question the judgment entered in the prior case. Plaintiff was granted leave to proceed in forma pauperis in that case pursuant to 28 U.S.C. § 1915(a). *See Crowley v. Oklahoma Dep't of Corr.*, Case No. CIV-01-758-L, Order Granting Leave to Proceed In Forma Pauperis (W.D. Okla. June 8, 2001). Accordingly, pursuant to 28 U.S.C. § 1915(d), officers of the court were required to issue and serve all process in the case at no cost to Plaintiff. Thus, the fact that Plaintiff did not pay for the issuance and service of summonses in his earlier case does not suggest any irregularity in the judgment in that case. In any event, a review of the record in Case No. CIV-01-758-L shows Plaintiff moved for voluntary dismissal in response to a dispositive motion filed by defendants who appeared to defend the case.

To obtain relief from a judgment based on newly discovered evidence under Rule 60(b)(2), the moving party must show, among other things, that the evidence is material and would probably produce a different result. *See Graham v. Wyeth Labs.*, 906 F.2d 1399, 1416 (10th Cir. 1990). The evidence presented by Plaintiff with his motion has no bearing on the Judgment entered in this case. Therefore, the Court finds no basis for relief under Rule 60(b)(2). The other possible avenue of relief, the catch-all provision of Rule 60(b)(6), is also inapposite. "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Plaintiff's motion presents no basis to challenge the Court's finding of claim preclusion.

IT IS THEREFORE ORDERED that Plaintiff's motion for relief from the Judgment based upon newly discovered evidence [Doc. No. 12] is DENIED.  Plaintiff's discovery motions [Doc. Nos. 11, 13] are also DENIED.

IT IS SO ORDERED this 14th day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE